IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAUN GREGORY MORGAN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08-cr-164-DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

Before the court are (1) Shaun Gregory Morgan's ("Defendant") two motions for review of detention;[1] (2) the United States of America's (the "government") motion to compel Defendant to surrender his second passport;[2] and (3) the government's motion to compel Defendant's wife, Maree Morgan ("Mrs. Morgan"), to surrender all of Defendant's passports and all copies of Defendant's passports.[3] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written submissions. *See* DUCrimR 47-1 (providing that civil rule 7-1 applies to motions in criminal matters); DUCivR 7-1(f).

---

[1] *See* docket no. 34, 44.

[2] *See* docket no. 47.

[3] *See* docket no. 50.

## RELEVANT BACKGROUND

On March 26, 2008, this court held Defendant's detention hearing in this case.[4] At the conclusion of that hearing, the court released Defendant under certain conditions pending resolution of this case.[5]

The government filed a superseding indictment against Defendant in this case on May 7, 2008.[6] On May 17, 2008, the government filed a motion for a review of Defendant's detention status, along with a supporting memorandum and exhibits.[7] This court held a hearing on that motion on May 21, 2008.[8] At the conclusion of that hearing, the court revoked Defendant's pretrial release and ordered Defendant to be detained pending resolution of this case.[9] In reaching that conclusion, this court specifically found that Defendant was an ongoing danger to the community from an economic perspective. The court also recognized the relatively large number of exhibits submitted by the government in support of its motion. As a result, the court invited Defendant's counsel to file a motion for review of Defendant's detention status after he had time to review those exhibits in detail. The court specifically indicated that it would consider such a review if Defendant's counsel was able to point to new evidence supporting a change in Defendant's detention status.

---

[4] *See* docket no. 7.

[5] *See id.*; docket no. 10.

[6] *See* docket no. 11.

[7] *See* docket nos. 24-26, 28.

[8] *See* docket no. 32.

[9] *See id.*

On June 6, 2008, Defendant filed a motion for review of detention.[10] That motion did not contain any reasons in support of a review of Defendant's detention status, but instead merely asked this court to conduct such a review. On June 9, 2008, the court issued a notice scheduling a hearing on Defendant's motion for June 16, 2008, at 1:30 p.m.[11]

On June 10, 2008, the government filed a motion to strike that hearing.[12] In that motion, the government argued that a review of Defendant's detention status was unnecessary because (1) Immigration and Customs Enforcement ("ICE") had placed an immigration detainer on Defendant, which rendered moot any review of his detention status; and (2) Defendant's motion failed to articulate any changed circumstances or new evidence that would justify a review of his detention status. Later that same day, Defendant filed a response to the government's motion to strike, in which Defendant's counsel indicated that he would present evidence and argument concerning Defendant's detention and immigration status at the scheduled hearing.[13] Even later that same day, the government filed its reply, in which it argued that Defendant should be required to produce the evidence supporting a change in his detention status to the government.[14] The government also argued that this court should not hear arguments concerning Defendant's immigration status because the appropriate forum for those arguments is either ICE or the immigration court.

---

[10] *See* docket no. 34.

[11] *See* docket no. 36.

[12] *See* docket no. 38.

[13] *See* docket no. 39.

[14] *See* docket no. 40.

The following day, this court issued an order granting the government's motion to strike the hearing scheduled for Defendant's motion.[15]  In that order, the court noted its agreement with the government's position with respect to both the ICE detainer and Defendant's failure to articulate any changed circumstances or new evidence justifying a review of his detention status.  The court also indicated its willingness to review Defendant's detention status, if in fact Defendant could provide a valid basis for conducting such a review.

Accordingly, the court ordered Defendant, if he still wished to continue to pursue his motion for review of detention, to submit at his earliest convenience a memorandum of points and authorities in support of the motion.  The court indicated that said memorandum should articulate (1) the factual basis for reviewing his detention status, including, but not limited to, any facts relating to changed circumstances or his immigration status; (2) any relevant legal arguments; and (3) any other relevant exhibits.  If Defendant did not wish to pursue his motion, the court ordered him to file a formal withdrawal of the motion.  The court also ordered the government to file its responsive memorandum within seven (7) days of the filing date of Defendant's supporting memorandum.  The court further ordered Defendant to file his optional reply memorandum, or provide notice to the court that no such memorandum would be filed, within three (3) days of the filing date of the government's memorandum.  As a final matter, the court indicated that upon completion of the above-referenced briefing, it would promptly schedule a hearing on Defendant's motion.

---

[15]  *See* docket no. 42.

On June 18, 2008, Defendant filed an entirely new motion for review of detention with the court,[16] accompanied by a supporting memorandum.[17]  The government filed its responsive memorandum on June 27, 2008.[18]  Defendant did not file either a reply memorandum or a notice within the three days allowed by the court.

Thereafter, the government filed two motions related to Defendant's passports.  On June 30, 2008, the government filed a motion to compel Defendant to surrender his second passport.[19]  On July 3, 2008, the government filed a motion to compel Mrs. Morgan to surrender all of Defendant's passports and all copies of Defendant's passports.[20]

## ANALYSIS

### I.  Defendant's Motions for Review of Detention

The court recognizes that in its June 11, 2008 order, it indicated that it would hold a hearing on Defendant's motions for review of detention upon the completion of briefing.  As previously indicated, however, the court has reviewed the written submissions and determined that oral argument on Defendant's motions would not be helpful or necessary.  *See* DUCrimR 47-1; DUCivR 7-1(f).

In the memorandum in support of his second motion, Defendant lists the following two issues: (1) whether the ICE detainer divests this court of jurisdiction or authority to release

---

[16] *See* docket no. 44.

[17] *See* docket no. 45.

[18] *See* docket no. 46.

[19] *See* docket no. 47.

[20] *See* docket no. 50.

Defendant pending resolution of this case when Defendant has not been formally charged in the immigration court; and (2) whether ICE should be allowed to hold Defendant in custody without the opportunity for release when Defendant has not been formally charged in the immigration court.[21]

Defendant first argues that he cannot be detained in this case under the authority of the ICE detainer and that, even with the ICE detainer in place, he is entitled to an individualized determination about his detention status. Those arguments demonstrate that Defendant has misapprehended the court's decision about his detention status in this case. As noted above, the court's decision to detain Defendant was based on its specific finding that he was an ongoing danger to the community, not on the ICE detainer. As such, the court did make an individualized determination about Defendant's detention status in this case, without regard or reference to the ICE detainer. While Defendant's arguments may indeed be correct, they are irrelevant to the court's basis for detaining Defendant in this case.

Moreover, even if the court had detained Defendant on the basis of the ICE detainer, Defendant's arguments would still be irrelevant. Had the court made such a decision, it would not be under the authority of the ICE detainer, and Defendant would not be in ICE custody. Quite the contrary, Defendant would still be in court custody as a result of, not under the authority of, the ICE detainer. With the ICE detainer in place, from a pragmatic perspective, considering conditions of release for Defendant would be an exercise in futility. Even if the court were able to craft conditions of release, Defendant would be taken immediately into ICE

---

[21] *See* docket no. 45.

custody upon his release from court custody, rendering the conditions of release moot.  In addition, from a legal perspective, the court would also consider the ICE detainer as a factor in determining whether Defendant is a risk of nonappearance.  *See* 18 U.S.C. § 3142(e) (providing that a defendant shall be detained pending trial if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required").  Again, even if the court were to release Defendant under conditions, he would be taken immediately into ICE custody, with the resulting ICE proceedings greatly increasing his risk of nonappearance in this case.  *See id*.  While the court obviously considers exceptions to these general principles on a case-by-case basis, none appear to be present in this case.

  Defendant's second argument appears to go toward the validity of the ICE detainer, his entitlement to a bond hearing before the immigration court, and whether ICE has the authority to detain him.  Those arguments will not be considered by the court.  As previously indicated, Defendant is not currently in ICE custody.  Instead, he is in court custody after an individualized determination of his detention status by this court.  Accordingly, whether ICE has the authority to detain Defendant is a nonissue.  Further, even if it were an issue, it would be one to be considered by ICE and the immigration court, not this court.  Likewise, Defendant's arguments concerning the validity of the ICE detainer or his entitlement to a bond hearing before the immigration court should be raised with ICE and the immigration court, not with this court.

  Putting aside Defendant's specific arguments and looking at his second motion as a whole, the court finds the motion's most fatal flaw to be its failure to provide any valid basis for the court to review Defendant's detention status.  As noted above, the court ordered Defendant to be detained pending resolution of this case based on its specific finding that Defendant was an

ongoing danger to the community from an economic perspective. *See id*. (providing that a defendant shall be detained pending trial if "the judicial officer finds that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community"). Defendant's second motion fails to present any new evidence or changed circumstances to alter the court's finding on that issue. As a result, even if Defendant had persuaded the court on his individual arguments discussed above, his detention status would remain unchanged because he failed to provide the court with any evidence to alter its previous determination that he was an ongoing danger to the community. *See id*. § 3142(f) (providing that a defendant's detention status can be revisited only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community").

     The court recognizes that Defendant disagrees with this court's decision concerning his detention status. Without new evidence or changed circumstances justifying a review of his detention status by this court, however, Defendant's avenue to voice his disagreement with that decision is a motion directed to Judge Benson for review of this court's order. *See id*. § 3145(b) ("If a person is ordered detained by a [United States Magistrate Judge], or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.").

For all of these reasons, Defendant's two motions for review of detention[22] are **DENIED**. The court orders Defendant to remain in detention pending resolution of this case.

### II.  Motions Related to Defendant's Passports

The government has filed a motion to compel Defendant to surrender his second passport,[23] as well as a motion to compel Mrs. Morgan to surrender all of Defendant's passports and all copies of Defendant's passports.[24]  For the reasons set forth in the motions, and based upon good cause shown, both motions are **GRANTED**.  Accordingly, **IT IS HEREBY ORDERED** that the passports and copies of passports referenced in the government's two motions shall be surrendered to the Clerk of the Court within seven (7) days of the date of this order.

**IT IS SO ORDERED**.

DATED this 9th day of July, 2008.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[22] *See* docket no. 34, 44.

[23] *See* docket no. 47.

[24] *See* docket no. 50.