# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> v. <br><br> **SHAUN GREGORY MORGAN,** <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:08-cr-164-DB** <br><br> **District Judge Dee Benson** <br><br> **Magistrate Judge Paul M. Warner** |

Before the court is the United States of America's (the "government") motion for reconsideration of the court's decision to release Shaun Gregory Morgan ("Defendant") subject to conditions.[1]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written submissions.  *See* DUCrimR 47-1 (providing that civil rule 7-1 applies to motions in criminal matters); DUCivR 7-1(f).

On July 23, 2008, this court held a hearing on Defendant's motion for amendment or revocation of a previous order detaining him.[2]  After hearing the parties' arguments, the court determined that it would release Defendant under standard conditions and certain special conditions, but only if Defendant's counsel was able to demonstrate to the court that Defendant's passport no. MO83501 had been cancelled.  Five days later, on July 28, 2008, the government

---

[1] *See* docket no. 67.

[2] *See* docket no. 66.

filed the motion for reconsideration presently before the court. Defendant filed his response to the government's motion on July 31, 2008.[3]

In its motion, the government argues that if the court releases Defendant, he will become a risk of nonappearance because of an Immigration and Customs Enforcement ("ICE") detainer that has been placed on him. The government also argues that Defendant has adequate access to his counsel and that Defendant did not demonstrate changed circumstances to justify modifying his detention status. Consistent with its ruling at the July 23 hearing, the court has determined that those arguments are without merit.

The government's first argument concerning the ICE detainer assumes as a certainty that an administrative deportation proceeding will be brought against Defendant as soon as he is released. The court finds that assumption to be both disingenuous and incorrect. In most instances, the government argues that the existence of an ICE detainer is enough to moot the need for a detention hearing because regardless of the court's action, ICE will keep the defendant in jail because of the detainer. Yet, in the instant case, counsel for the government argues that the existence of the ICE detainer actually makes Defendant a risk of nonappearance because ICE may deport him before judicial proceedings in this case are completed. In this case, the court has determined that the government cannot have it both ways by using the existence of an ICE detainer as both a sword and a shield. Further, in the court's experience, the government has the ability to work with ICE and the appropriate authorities to determine whether immediate deportation proceedings against a particular defendant are in the best interests of the government.

---

[3] *See* docket no. 68.

That principle is particularly true in unique cases, such as the one before the court.  For those reasons, the court again rejects the government's argument concerning the ICE detainer as it relates to the issue of Defendant's risk of nonappearance.

Likewise, the court again rejects the government's arguments concerning the procedures for inmate visits at the Davis County Jail and the voluminous discovery in this case.  As indicated during the July 23 hearing, given the large amount of discovery and the nature of the charges in this case, the court has concluded that it is not necessary to burden Defendant and his counsel with any inmate visitation requirements, notwithstanding the government's position that any such requirements do not create a significant burden.  Further, given the court's decision to review and alter Defendant's detention status, it logically follows that the court also determined that Defendant had demonstrated changed circumstances relative to trial preparation to warrant that review.

Based on the foregoing, the government's motion for reconsideration is **DENIED**.  The court recognizes that the government disagrees with the decision to release Defendant.  The government, however, has not pointed to sufficient new evidence or changed circumstances that would justify a review of that decision by this court.  In fact, it appears to this court that the government has simply presented the same or similar arguments it presented during the July 23 hearing.  Given that this court has already ruled on those arguments, it would have been more procedurally appropriate to address those arguments to Judge Benson in a motion for review of this court's decision.  *See* 18 U.S.C. § 3145(b).

The court now turns to Defendant's release.  On August 4, 2008, the court received a submission from Defendant's counsel indicating that Defendant's passport no. MO83501 had

indeed been cancelled by the Passport Office of the New Zealand Department of Internal Affairs.[4]  The court is satisfied by the authenticity of that submission and is convinced that the above-referenced passport has been cancelled.  Accordingly, the one condition precedent set by this court to Defendant's release has been satisfied.  However, there is the matter of the ICE detainer to be dealt with by the immigration court.  Likewise, there is a likelihood that the government will appeal to Judge Benson this court's decision to release Defendant.  In order to accommodate a potential appeal, and to avoid a potential waste of time and resources on the part of the Office of Probation and Pretrial Services in arranging for the many conditions this court placed on Defendant's release, the court will postpone Defendant's release until Friday, August 8, 2008.  If no appeal is filed by that date, the court will enter the order setting the conditions of Defendant's release and order his immediate release, subject to the ICE detainer.  If an appeal is filed, Defendant's release will be postponed pending Judge Benson's ruling on that appeal.

**IT IS SO ORDERED**.

DATED this 6th day of August, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4]  *See* docket no. 69.